## STATEMENT OF FACTS

On May 19, 2005, a CW met with ROBERT ALONZO TINNEY and made arrangements for a narcotics transaction in which TINNEY would sell 30 grams of heroin to the CW. Following the meeting law enforcement agents followed TINNEY to the premises at xxxx X Street, X.X., Apt. xxx, Washington, D.C. TINNEY entered the premises and spent approximately 10 minutes inside the premises before leaving. From the Q street premises TINNEY drove to the intersection of Martin Luther King Avenue and Malcolm X Avenue in southeast Washington, D.C., where he entered the vehicle occupied by the CW. In the vehicle, which was equipped with a hidden video recorder, TINNEY distributed approximately 30 grams of heroin to the CW in exchange for $3,000. TINNEY left the vehicle and remained under law enforcement surveillance until he was arrested. At no time did he re-enter the premises at xxxx X Street, X.X., Apt. xxx, Washington, D.C. The substance TINNEY gave to the CW was field tested positive for the presence of heroin.

Seized from TINNEY's person at the time of his arrest was the $3,000 in government funds paid to TINNEY by the CW for the 30 grams. Following TINNEY's arrest he was shown the video recording of the sale and gave a full confession. He denied that there were any drugs inside xxxx X Street, X.X., Apt. xxx. Agents of the Federal Bureau of Investigation obtained and executed a United States search warrant for the premises. Pursuant to that search warrant from inside the premises agents and officers seized a plastic bag containing a 38 caliber revolver and five (5) rounds of 38 caliber ammunition, numerous baggies, utensils and narcotics paraphernalia for packaging drugs for distribution and substantial quantities of heroin and cocaine base, also known as crack.

_____
TUCKER G. VANDERBUNT
FEDERAL BUREAU OF INVESTIGATION

Sworn and subscribed before me
on this \_\_\_\_ day of May, 2005.

_____
U.S. MAGISTRATE JUDGE