UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROBERT ALONZA TINNEY,<br>    Defendant. | Criminal No. 05-300M (AK)<br><br>**FILED**<br>MAY 2 4 2005<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

### DETENTION MEMORANDUM

The Defendant, Robert Tinney, has been charged in a criminal complaint with unlawful, knowing, and intentional distribution of a mixture and substance containing a detectable amount of heroin, a Schedule II narcotic drug controlled substance, violation of 21 U.S.C. § 841(a)(1). The government requested a detention hearing, which was held on May 23, 2005. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

At the detention hearing, Officer Timothy Ervin, a special agent for the Federal Bureau of

Investigation testified for the government. The agent testified that the FBI conducted an investigation of the Defendant from December 2004 to May 2005. During that time, the FBI initiated three controlled drug purchases of heroin. The final drug purchase took place on May 19, 2005 at approximately 11:30 am on the corner of Malcom X Ave. and Martin Luther King Jr. Ave., S.E. in the District of Columbia. An individual cooperating with the FBI bought thirty grams of heroin from the Defendant for $3,000.00. The agent testified that the FBI has video surveillance recording the events that took place and positively identified the Defendant as the man on the surveillance. The heroin sold to the cooperating individual field tested positive for opiates. The police subsequently arrested the Defendant.

## Discussion

Having heard the testimony at the May 23, 2005 hearing, the Court found that there is probable cause to believe that the Defendant committed offenses in violation of 21 U.S.C. § 841(a)(1). When, as here, the Court finds that there is probable cause to believe that a Defendant has committed a violation of the Controlled Substance Act for which a maximum penalty of 10 years or more is prescribed, a rebuttable presumption arises that the Defendant constitutes a danger to the community, and no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community, he should not be released pending trial.

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C.

§ 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. See 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. The Defendant sold over thirty grams of heroin to an individual cooperating with the FBI on three separate occasions in 2005. The quantity of the narcotics sold strongly indicates the Defendant was engaged in narcotics trafficking. Furthermore, the government proffered that the Defendant is at the top of the distribution chain and buys directly from a Nigerian supplier. Thus, the charges are most serious.

The second factor, the weight of the evidence, also favors detention. The police have video surveillance of the Defendant selling heroin to a cooperating individual; this heroin field tested positive for opiates. The police also recovered drugs from an apartment in which the Defendant was seen entering after the narcotics transaction on May 19, 2005.

The third factor, the history and characteristics of the Defendant, supports pretrial detention. According to the government, the Defendant has several prior convictions, including larceny. The government also proffered prior sales within the past year to cooperating individuals.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. The Defendant's current charge before this Court involves narcotics. This clearly demonstrates that he is a substantial danger to the community. The persistent problem of drug trafficking reported on consistently by the news media bears graphic witness to the fact that narcotics trafficking is an offense that tears the very fabric of our community. The nature and seriousness of the danger to the community can hardly be overstated.

### Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Moreover, upon consideration of the release conditions set out in 18 U.S.C. § 3142(c), this Court concludes that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. Therefore, the government's motion for pretrial detention is granted.

Dated: May 24, 2005

ALAN KAY
UNITED STATES MAGISTRATE JUDGE