UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*Let this be filed. —Alan 7-13-05*

UNITED STATES

V.                                              CASE NO. 05-300M(AK)

ROBERT A. TINNEY

MOTION FOR RECONSIDERATION OF
CONDITIONS OF RELEASE

The defendant herein, Robert A. Tinney appeared before Magistrate Judge Alan Kay for a detention hearing in this matter. After a hearing, the court found that there was no combination of conditions that would insure the safety of the community and ordered that he be held without bond pending trial. Mr. Tinney now requests this Court's reconsideration of that order.

Pre-trial detention should be the exception rather than the rule. United States v. Leyba 104 F. Supp 2d 1182 ( S.D. Iowa 2000) .When the request for detention is based on dangerousness, the standard of proof is one of clear and convincing evidence that there are no combination of conditions that would reasonably insure the safety of the community. Simkins v. United States, 826 F.2d 94 (D.C.Cir.1987) There are conditions that the Court could impose on Mr. Tinney that would reasonably assure the safety of the community.

The Magistrate Judge's Detention memorandum correctly states that defendants who are charged with an offense for which a term of imprisonment of in excess of 10 years is prescribed in the Controlled Substance Act (21 U.S.C. §§ 801 et seq.) are eligible for pretrial detention pursuant to 18 U.S.C. 1342(f)(1)(C).

1

RECEIVED
JUL 1 3 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Although the statutory maximum in 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) provides for a sentence of more than 10 years this does not end the inquiry as to conditions of release.

The Court, as 18 U.S.C. § 3142 requires, considered the four factors in determining whether there are conditions of release that will reasonably assure the appearance of the person and the safety of any other person in the community. The Court found that there were not but there were factors that favor release that were not mentioned in the Detention Memorandum. The presumption of dangerousness is, however, rebuttable. .

The court in United States v. Dominguez, 783 F. 2d 702, 706 (7th Cir. 1986) noted that a defendant can hardly be expected to demonstrate that narcotics trafficking is not dangerous to the community. The court further stated at 707 that a defendant cannot be detained as dangerous under § 3142 (e) even if the presumption is not rebutted, unless a finding is made that no release conditions will reasonably assure the safety of the community and that finding cannot be based on evidence that he has been a danger in the past except to the extent that his past conduct suggests the likelihood of future misconduct. A defendant can rebut the presumption of dangerousness by showing that the facts of the offense charged indicate that what is true in general of people charged with similar offenses does not apply in this case. See Dominguez at 707; United States v. Jessup. 757 F. 2d 378, 384 (1st Cir. 1985). Any evidence favorable to a defendant can be considered to rebut the presumption. Mr. Tinney does not have a violent history as many charged with similar offenses do. The only issue here is whether

there is a likelihood that he would attempt to sell drugs if he were released. His prior history indicates that he would not. It is undisputed that Mr. Tinney has a criminal history that dates back many years there but has never been an incident when he failed to appear in court or when he committed an offense while on release. This in indicative of him being a person who complies with conditions of release and mitigates against concerns that he will commit an offense during that time. His last offense was 25 yeas ago.

Mr. Tinney has been a resident of the Washington Metropolitan area all of his life. Immediately prior to his arrest in the instant matter he resided with his wife in Prince George's County Maryland. He also has a daughter in Prince George's County Maryland. His mother is in a nursing home in the Washington Metropolitan area. All of his family ties are here. He was also employed at the time of his arrest.

At this point it would be impractical to address with any specificity the government's case there has already been a finding of probable cause which would be sufficient if that were the only factor to be considered. Under 18 U.S.C. § 1342 the weight of the government's case is only one factor relevant to detention.

At this stage of the proceeding the government's evidence goes virtually unchallenged because defendants do not, under normal circumstances divulge defenses they may have to a particular charge. For purposes of this motion the defense concedes the government's evidence is strong. The defendant, in fact, need not necessarily show that he is not guilty of the crimes charged. The fact that

a person is charged in one instance does not give rise to the presumption that he is like every other person charged with similar offenses. He must be judged by his own background. The defense has the burden of submitting some evidence either by testimony or by proffer to rebut the presumption of dangerousness. Either the government or the defense may offer evidence by way of proffer and once the defense has introduced some evidence, the government must rebut it. See United States v. Smith, 79 F. 3d 1208 (D.C. Cir. 1996); United States v. Gavirita, 828 F. 2d 667 (11th Cir. 11987).

. The fact that the offenses with which he is charged are designated as crimes of violence either by statute or the nature of the offense does not end the inquiry. The issue before the court in the instant case is whether there is any indication that he would repeat similar conduct if released and whether there are conditions or a combination of conditions that would insure the safety of the public.

The totality of this record indicates there are conditions upon which Mr. Tinney could be released. 18 U.S.C. § 3142(c) (1)(B) lists fourteen conditions that could be imposed in combination that would reasonable insure the safety of the community. Home detention with work release would be appropriate in this case. Home detention without work release is also an option. It is significant that at no time during the pendency of this investigation did Mr. Tinney conduct any activities in his home or in any location where any of his relatives might be exposed.

If he were released on home detention his would reside with his wife in Prince George's County. His wife is a person of strong religious beliefs and even if Mr. Tinney were predisposed to attempt any unlawful activity, which he is not, she would not allow it in their home. Further, he could be required to report in person to pre-trial services as the court determined to be appropriate.

If his past performance while under previous supervision and his family ties and employment cannot be used to rebut the presumption, the presumption becomes irrebuttable. As stringent as the statute is, this was not the legislative intent

For the forgoing reasons, it is requested that the motion be granted.

Respectfully submitted,

*R. W. Mance*
Robert W. Mance, #285379
1150 Connecticut Avenue N.W.
9th Floor
Washington, D.C. 20036
202-223-1254

Certificate of Service

I hereby certify that on July 5, 2005 a copy of the foregoing was delivered to Assistant United States Attorney, William O' Malley Jr. by mailing a copy to 555 4th Street N.W. Washington, D.C. 20001.

*R. W. Mance*
Robert W. Mance